[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on July 20, 1975 in East Providence, Rhode Island. They have resided continuously in this state since 1977. There are three minor children issue of the marriage, Katherine Elizabeth Palley born January 14, 1978, Joshua Burke Palley born May 25, 1981, and Rebecca Estelle Palley born October 21, 1985.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for 16 years. The plaintiff is 40 years of age and in good health. The plaintiff has taught school throughout the marriage with leaves of absence and maternity leave for the birth of their three children. Both parties are employed by the Stamford Board of Education. The plaintiff is presently earning $55,940 per year. The plaintiff has taught school for 18 years. She has her 6th year certificate as well as a masters.
The defendant is 44 years of age. He indicated his health is bad. The defendant is a kidney transplant patient and is checked regularly by his physician. The defendant has not been out sick during the year 1991. In 1990 he had an incident of phlebitis for which he was hospitalized. The defendant has also taught school throughout the marriage and is presently earning approximately $56,400 per year. Both parties are tenured teachers in the Stamford School System. Both parties are hard working and both have contributed to their joint assets.
Both parties worked a second job during the course of the marriage. The court finds that the plaintiff was the primary care taker of the three minor children now aged 13, 9 and 5. The middle child, Joshua has cerebral palsey and requires special attention. The older girl Katherine, is presently in therapy treatment.
Unfortunately, the parties were unable to resolve their marital difficulties. Sufficient evidence was presented to to warrant a finding that the marriage has irretrievably broken down.
The parties are the joint owners of the marital home located at 26 Coolidge Avenue, Stamford, Connecticut. The parties agreed that the property had a fair market value of $200,000 and that the first mortgage and home equity loan total approximately $90,000.
The plaintiff's father died in 1987 and the plaintiff received in 1989 the two parcels of real estate located in Cape Cod, Massachusetts. In addition, the plaintiff received a U.S. Treasury Note of $10,000, cash of approximately $19,500 and an executor's fee of approximately $44,000. The cash was used for family vacations and family expenses, as well as for maintenance and repairs for the family home and the Cape Cod property. The defendant is requesting a share of the Cape Cod property which is solely in the plaintiff's name. CT Page 2865
The defendant is also requesting a dollar a year alimony in view of his medical condition. The defendant does have available a combined two years sick leave plus disability retirement. In five years the defendant would be eligible for early retirement if he so chose.
The plaintiff will continue to be the primary care taker of the three minor children. The middle child, Joshua, who has cerebral palsey has special needs and will require special care and attention throughout his life.
The following orders shall enter:
Real Property
Marital Home
1. With respect, to the marital home at 26 Coolidge Avenue Stamford, Connecticut, the defendant shall quit-claim all his right, title and interest in and to said premises to the plaintiff forthwith. The plaintiff shall be responsible for the first mortgage and the home equity loan and shall hold the defendant harmless therefrom.
2. The plaintiff shall pay to the defendant within 60 days of date the sum of $52,000.
3. The plaintiff shall be entitled to exclusive possession of the premises located at 20 Coolidge Avenue, Stamford.
4. In the event the plaintiff is unable to pay the defendant the sum of $52,000, then it is ordered that the real estate be placed on the market and sold upon the earlier happening of the following:
 (1) plaintiff's remarriage; (2) plaintiff's desire to sell; (3) the youngest child reaches the age of 18 years.
5. The net proceeds of the sale after the payment of the outstanding mortgages, customary closing costs, real estate commission and attorney's fees, shall be equally divided between the parties. The plaintiff shall receive credit for all principal reductions made on the Home Equity Loan from the date she commences exclusive possession until the property is sold.
6. The court shall retain jurisdiction over any disputes in connection with the sale of the real estate. CT Page 2866
7. The plaintiff shall be entitled to exclusive possession of the real estate
Cape Cod Property
The plaintiff wife inherited this real estate upon her father's death in 1987. Title was given to the plaintiff in 1989. This property has been in the plaintiff's family for many years and there was some testimony that the plaintiff's grandfather had built one of the cottages on the premises.
Other than some incidental caretaker work, the defendant did not contribute to the acquisition, maintenance or preservation of this property. The plaintiff testified as to her strong emotional attachment to this property. The plaintiff has already used some of her inherited cash for the benefit of the defendant and her family. As both counsel pointed out, this inheritance was a windfall to the plaintiff. This court finds that this real estate shall remain the sole property of the plaintiff and the defendant shall have no claim thereto.
Alimony
Both parties have good jobs with good retirement plans and sickness/disability benefits. The defendant does have a medical problem, however, the kidney transplant appears to be successful. The plaintiff will be involved with their child Joshua who has cerebral palsey as well as a kidney problem for his entire life. Both parties will be involved with medical problems in the future.
The defendant is concerned about being a welfare case in the future and his ability to acquire capital assets in the future. The defendant is receiving a lump sum amount representing his share of the major asset of the marriage, the marital home. He is about to purchase a Condo which hopefully will increase in value over the years. The plaintiff will have a substantial mortgage on the family home and will need the summer rental income from the Cape Cod property to assist her financially.
No award of alimony is made to either party.
Custody and Visitation
The parties have agreed on joint custody of the minor children with physical residence being with the plaintiff, and it is so ordered. CT Page 2867
The matter of reasonable and liberal rights of visitation by the defendant is referred to Family Relations for mediation and/or visitation study. The court shall retain jurisdiction to conduct a hearing if the parties are unable to agree on a visitation schedule with the assistance of Family Relations.
Any visitation schedule shall keep in mind that the children attend camp at Cape Cod for a portion of the summer vacation.
Child Support
1. The defendant shall pay to the plaintiff as child support the sum of $1,320 per month as child support, that is $440 per month per child, until each child shall reach the age of 18, become emancipated or die.
2. Each party shall maintain the minor children as beneficiaries under their existing medical and dental insurance plans until each child shall reach the age of 18, become emancipated or die. Any unreimbursed medical, dental or mental health expenses shall be equally divided between the parties.
3. The defendant shall pay for the children's summer camp in an amount not to exceed $1,500
Income Tax
1. The parties shall equally divided the joint 1990 income tax refund.
2. The plaintiff shall be entitled to claim Joshua as a dependent for income tax purposes.
3. The defendant shall be entitled to claim Katherine and Rebecca as dependents for income tax purposes so long as he is current in the payments of child support.
Custodial Accounts
1. The defendant shall continue to hold the custodian accounts he now has for the benefit of each of the three minor children. Said accounts shall be held by the defendant as custodian until each child shall reach the age of 18 years. The defendant shall provide the plaintiff with annual statements of each account by January 30 of each year.
2. Both parties shall agree in writing for any withdrawal.
Other Property
1. The parties shall mutually divide their personal property as they shall agree. In the event the parties are unable to agree, then the issue shall be submitted to Family Relations for mediation. If mediation is unsuccessful the parties shall return to court for a hearing on the division of property.
2. Each party shall be entitled to the remaining assets has set forth on their respective financial affidavits.
3. Each party shall be responsible for their debts as reflected on their respective financial affidavit.
Life Insurance
The defendant shall maintain his existing life insurance policies in full force and effect with the three minor children named as primary and equal beneficiaries of said life insurance until each child shall reach the age of 18 years. This provision shall be modifiable.
An immediate withholding is ordered.
COPPETO, J.
CT Page 2868